Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
1700 South Pavilion Center, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: nkanute@swlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STRICTLY RHYTHM RECORDS, INC. d/b/a STRICTLY RHYTHM PUBLISHING and AF CIRCLE C FUND, LLC d/b/a ARLOVOL MUSIC, | Case No. 2:26-cv-00652 |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| NOTORIETY, LLC and KENNETH HENDERSON, | |
| Defendants. | |

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.      Plaintiffs allege two (2) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

/ / /

/ / /

**THE PARTIES**

4.      The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, Defendant Notoriety, LLC ("NL") is a limited-liability company organized under the laws of the state of Nevada with a place of business at 450 Fremont Street, Las Vegas, Nevada 89101.

6.      At all times hereinafter mentioned, NL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Notoriety, located at 450 Fremont Street, Las Vegas, Nevada 89101.

7.      Musical compositions were and are publicly performed at Notoriety.

8.      On information and belief, Defendant Kenneth Henderson ("Henderson" and, together with NL, the "Defendants") is an individual who resides and/or does business in this District.

9.      At all times hereinafter mentioned, Henderson was, and still is, member, officer, and/or owner of NL.

10.     At all times hereinafter mentioned, Henderson was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of NL.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Notoriety, including the right and ability to supervise and control the public performance of musical compositions at Notoriety.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Notoriety.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

4910-0216-2066

Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriters, composers, and music publisher members.

14.    Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.    Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Notoriety. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

16.    Defendants have refused all of ASCAP's license offers for Notoriety.

17.    ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Notoriety constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18.    Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Notoriety including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment

19.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20.    The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

21.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights

and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Notoriety, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23.     The public performances at Notoriety of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25.     The many unauthorized performances at the include the performances of the two copyrighted musical compositions upon which this action is based.

26.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27.     The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1.     That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Notoriety, or at any place owned, controlled, managed,

1  or operated by Defendants, and from aiding or abetting the public performance of such composi-

2  tions in any such place or otherwise.

3      2.      That Defendants be decreed to pay such statutory damages as to the Court shall

4  appear just, as specified in 17 U.S.C. § 504(c).

5      3.      That Defendants be decreed to pay the costs of this action and that reasonable

6  attorneys' fee be allowed as part of the costs.

7      4.      For such other and further relief as may be just and equitable.

8

9      Dated: March 9, 2026                    SNELL & WILMER L.L.P.

10

11                                            By: /s/ Nathan G. Kanute
                                                  Nathan G. Kanute (NV Bar No. 12413)
12                                                SNELL & WILMER L.L.P.
                                                  1700 S. Pavilion Center Drive, Suite 700
                                                  Las Vegas, Nevada 89135

13                                                *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDEX TO EXHIBITS

| Exhibit No. | Title of Exhibit | No. of Pages |
|---|---|---|
| 1 | Schedule A | 1 |

4910-0216-2066